**Administrative Remedy No. 1005601-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal, wherein you contend the federal sentencing court clearly ordered you to receive 153 days of prior custody credit toward your federal sentence. You indicate not only has the Bureau of Prisons (BOP) failed to apply this credit, they have no authority to deny you receiving this credit. You stipulate by not receiving this credit, your release date is May 4, 2021, rather than November 25, 2020. You advise any day you are held in custody past November 25, 2020, is illegal detention.

A review of your record indicates on October 29, 1991, you were temporarily removed from state custody by the United States Marshals Service (USMS) on a federal writ of habeas corpus ad prosequendum. On March 30 1992, you were sentenced in the United States District Court for the Southern District of South Dakota to a 360-month term of imprisonment for Possession of a Firearm by a Convicted Felon and Possession of an Unregistered Firearm in Case Number: CR-40028-01. At the time of sentencing the Court ordered you receive 153-days for time spent in custody awaiting disposition of this case. Because you were in the primary custody of state officials, you were returned to the proper authorities following the proceedings. The Judgement in a Criminal Case was filed as a detainer.

You appealed your sentence and the Eighth Circuit Court of Appeals affirmed. Pursuant to the Supreme Court's order, the court of appeals vacated your sentence and remanded to the district court for resentencing consistent with Stinson v. United States, 508 U.S. 36(1993). On remand you were resentenced on April 22, 1994 to a 300-month term of imprisonment which was affirmed on appeal. However, the court did not order any prior custody credit.

A sentence computation was completed commencing the federal sentence on August 18, 1999, the date you were released from your state sentences into exclusive federal custody in accordance with Title 18, USC § 3585(a). Your projected release date is May 4, 2021, via Good Conduct Time (GCT).

Title 18, USC § 3585(b) precludes the application of prior custody credit for the time you are requesting, as this time was credited toward your Minnesota state sentence.

Bureau Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), states in part, "Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be



**Administrative Remedy No. 1005601-A1**
**Part B - Response**
**Page 2**

considered for the purpose of crediting presentence time. The Federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody."

Your sentence has been computed as directed by federal statute, and Bureau of Prisons Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>.

Accordingly, your appeal is denied.

_____
Date

_____
Ian Connors, Administrator
National Inmate Appeals

Copy provided 9-23-2020
R.Sivers

LAWRENCE A SAFFEELS, 07317-073
ALLENWOOD MED FCI    UNT: UNIT 3A    QTR: C03-203L
P.O. BOX 2500
WHITE DEER, PA 17887

Received
SEP 1 7 2020
FCI Allenwood
Associate Warden's Office



EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: JULY 28, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : LAWRENCE A SAFFEELS, 07317-073
      ALLENWOOD MED FCI    UNT: UNIT 3A    QTR: C03-203L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

```
REMEDY ID      : 1005601-A1
DATE RECEIVED  : JULY 10, 2020
RESPONSE DUE   : SEPTEMBER 8, 2020
SUBJECT 1      : CREDIT FOR TIME SPENT IN JAIL
SUBJECT 2      :
```

**SAFFEELS, Lawrence**
Reg. No. 07317-073
Appeal No. ~~100560-R1~~ 1005601-R1
Page One

---

### PART B - RESPONSE

You appeal the response of the Warden of FCI Allenwood regarding your sentence computation. Specifically, you contend you should receive 153 days credit as previously ordered by the sentencing court. You request your federal sentence be recalculated to reflect additional credit and an earlier release date.

Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides: "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

A review of your appeal reveals you were in the primary state custody serving a Minnesota state sentence when your federal sentence was imposed. You were "borrowed" by federal authorities via a writ of habeas corpus ad prosequendum. On April 18, 1994, your sentence was amended by the United States District Court, Southern District of Dakota, to 300 months imprisonment. The federal sentencing court did not order your federal sentence to run concurrently with your state sentence. As such, your federal sentence was run consecutively with your state sentence under 18 U.S.C. § 3584(a). Pursuant to 18 U.S.C. § 3585(a), your federal sentence commenced on August 18, 1999, the date you were released from state primary custody. Under 18 U.S.C. § 3585(b), you cannot receive prior custody credit for the time you seek because that time was credited against your state sentence. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: April 21, 2020

DAVID PAUL
Regional Director

Copy provided
6-23-2020
R.Sivers  70

```
LAWRENCE A SAFFEELS, 07317-073
ALLENWOOD MED FCI    UNT: UNIT 3A    QTR: C03-203L
P.O. BOX 2500
WHITE DEER,  PA 17887
```

Received
JUN 2 2 2020
FCI Allenwood
Associate Warden's Office

```
              EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY




DATE: FEBRUARY 25, 2020




FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : LAWRENCE A SAFFEELS, 07317-073
      ALLENWOOD MED FCI    UNT: UNIT 3A    QTR: C03-203L




ADDITIONAL TIME IS NEEDED TO RESPOND TO THE REGIONAL APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.


REMEDY ID       : 1005601-R1
DATE RECEIVED   : FEBRUARY 21, 2020
RESPONSE DUE    : APRIL 21, 2020
SUBJECT 1       : CREDIT FOR TIME SPENT IN JAIL
SUBJECT 2       :
```

TRULINCS 07317073 - SAFFEELS, LAWRENCE A - Unit: ALM-C-A
----------------------------------------------------------------

FROM: MED Associate Wardens
TO: 07317073
SUBJECT: RE:***Inmate to Staff Message***
DATE: 05/20/2020 08:12:02 AM

If you have not received a response or notification of extension, in accordance with policy, you may consider the BP10 a denial and move to the next level.   Please see a member of your unit team to request a BP11

>>> ~^!"SAFFEELS, ~^!LAWRENCE A" <07317073@inmatemessage.com> 5/20/2020 8:24 AM >>>
To: Ms Klienfelter
Inmate Work Assignment: rec2

What is the current status of my bp10?  Region is 30 days overdue on an extension of 60 days they already gave themselves.  I would like to know when the delay can be taken as a denial  to proceed to an 11?  My request for information is not unreasonable.

SAFFEELS, Lawrence A
Reg. No.: 07317-073
Appeal Number: 1005601-F1
Page 1

---

## Part B - Response

This is in response to your Request for Administrative Remedy received on February 5, 2020, in which you request the Bureau of Prisons Award your jail credit you state the court has awarded you.

A review of your file reveals that this matter has already been addressed by the Designation and Sentence Computation Center (DSCC), as they are responsible for sentence computations. A response was received from the DSCC on March 8, 2016. The following is their response. "His original Judgment ordered a sentence of 360 months, with credit for 153 days. The Judgment was then amended to 300 months with no credit ordered. The credit he is requesting is the time he was on WRIT, and was credited to his State sentence. As such, he cannot receive credit toward his Federal Sentence."

Therefore, based on the above information, your Request for Administrative Remedy is denied.

If you are not satisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 2nd and Chestnut Streets, 7th Floor, Philadelphia, Pennsylvania, 19106, within 20 calendar days of this response.

2/12/2020
Date

Catricia L. Howard
Warden

U.S. DEPARTMENT OF JUSTICE	REQUEST FOR ADMINISTRATIVE REMEDY

Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse*

From: _____
            LAST NAME, FIRST, MIDDLE INITIAL            REG NO            UNIT            INSTITUTION

**Part A - INMATE REQUEST**





_____                    _____
        DATE                                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**



Received
FEB 0 5 2020
FCI Allenwood
Associate Warden's Office

_____                    _____
        DATE                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**                    CASE NUMBER. _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

                                                     CASE NUMBER _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL          REG NO            UNIT            INSTITUTION

SUBJECT _____

_____                    _____
        DATE                                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

FPI-PEPR                   PRINTED ON RECYCLED PAPER                           BP-229(13)
                                                                                APRIL 1982

**Requirement for submission of this request directly to the Regional Director, Bureau of Prisons.**

When the inmate believes that he may be adversely affected by submission of this request at the institution level because of the sensitive nature of the complaint, he may address his complaint to the Regional Director. He must clearly indicate a valid reason for not initially bringing his complaint to the attention of the institution staff.

If the inmate does not provide a reason, or if the Regional Director or his designee believes that the reason supplied is not adequate, the inmate will be notified that the complaint has not been accepted. The form sent to the Regional Director will not be returned. However, the inmate may prepare a new request and submit it at the institution if he wishes.

ALX-1330.17
September 28, 2011
Page 5
Attachment 1

## ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
## FCC ALLENWOOD INFORMAL RESOLUTION FORM

LSCI ____   FCI ✓   USP ____

NOTE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 [BP-229(13)], you must ordinarily attempt to informally resolve your complaint through your Correctional Counselor. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally and state the names of staff contacted.

Issued By: __MF__ (Initials of Correctional Counselor)
Date Issued To The Inmate: __12/3/19__

INMATE'S COMMENTS:

1. Complaint: BOP FAILED to "provide PRIOR JAIL time CREDit" OF 153 day AT FIRST SENTENCING AND 71 days AT SENTENCING (2nd)

2. Efforts you have made to informally resolve: RELIEF in U.S. DISTRICT CT. (SEE COURT ORDER ATTACHED).

3. Names of staff you contacted: _____

Date Returned to Correctional Counselor: _____

_____    _____    _____
Inmate's Signature      Reg. Number            Date

CORRECTIONAL COUNSELOR'S COMMENTS:

1. Efforts made to informally resolve and staff contacted: _____

_____

_____

Date BP-9 Issued: _____         _____
                                     Correctional Counselor

                                     _____
                                     Unit Manager (Date)

Distribution: If complaint is NOT informally resolved - Forward original attached to BP-9 Form to the Administrative Remedy Coordinator.



TRULINCS 07317073 - SAFFEELS, LAWRENCE A - Unit: ALM-C-A

---

FROM: MED R&D/Mailroom
TO: 07317073
SUBJECT: RE:***Inmate to Staff Message***
DATE: 01/24/2020 01:07:02 PM

Forwarded to Grand Prairie for review.

>>> ~^!"SAFFEELS, ~^!LAWRENCE A" <07317073@inmatemessage.com> 1/17/2020 9:06 PM >>>
To: Mr. Greely
Inmate Work Assignment: Rec2

As previously discussed I am seeking 153 days prior jail credit and 21 days jail credit detention pending resentencing. The District Court has laid out the factual basis for the prior jail credits. I have showed you this documentation and the court order. The BOP simply lacked the authority to deny prior jail credit since my case came before that authority was granted by new law to the BOP. Both the presentencing report and the factual finding of the District Court determined that it should be applied. It was applied. Upon resentencing from the Supreme Court the same factual finding would apply. Anything else would be ex post facto application for which the BOP lacked standing to deny. The District Court denied my motion stating that the court is unable to grant the "request for relief at this time"; further stating I would have to exhaust my administrative remedies first. I am doing so now. Thank you.



BP-8 Response

From: Mr. Greely

To: Saffeels #07317-073

You must provide the dates and location of where you were being held when requesting jail credit. Then that info is provided to the DSCC, as they are responsible for jail credit.

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | CR 90-40028-01 |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| LAWRENCE A. SAFFEELS, | |
| Defendant. | |

Defendant, Lawrence A. Saffeels ("Saffeels"), is a federal prisoner presently serving a 300-month sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and for possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) & 5871. Pending before the court is Saffeels's Motion to Amend/Correct Sentence. Doc. 109. For the following reasons, Saffeels's Motion to Amend/Correct Sentence is denied.

## BACKGROUND

On March 5, 1992, Saffeels was found guilty by a jury on Count 1 of the indictment charging him with the offense of possession of a firearm by a convicted felon in violation of 18 U.S.G. § 922(g)(1), Doc. 56, and on Count 2 of the indictment charging him possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) & 5871, Doc. 57. On March 30, 1992, Saffeels was sentenced to 360 months imprisonment with "credit for 153 days spent in custody awaiting disposition of th[e] case," followed by 5 years supervised release. Doc. 65.

Saffeels appealed his sentence and the Eighth Circuit Court of Appeals affirmed. Doc. 74. On appeal with the United States Supreme Court, the Supreme Court vacated Saffeels's judgment and remanded to the Eighth Circuit Court of Appeals for further consideration in light of *Stinson v. United States*, 508 U.S. 36 (1993). Doc. 77. Pursuant to the Supreme Court's order, the court of appeals vacated Saffeels's sentence and remanded to the district court for resentencing consistent with *Stinson*. Doc. 79.

On remand, the district court resentenced Saffeels on April 22, 1994, to 300 months imprisonment, followed by 5 years supervised release, Doc. 88, and Saffeels's sentence was affirmed on appeal, Doc. 100.

On August 5, 2019, Saffeels filed a Motion to Amend and Correct Sentence. Doc. 109. Attached to his motion is a printout from the Bureau of Prisons ("BOP") dated July 29, 2019. Doc. 109 at 6. Therein, it shows Saffeels's 300-month sentence and a "total prior credit time" of zero. Doc. 109 at 6.

## DISCUSSION

The Court is unable to grant Saffeels's request for relief at this time. The BOP is the entity that determines when a federal sentence commences and whether a defendant should receive credit for time spent in custody. *See United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004) ("A district court cannot apply [18 U.S.C. §] 3585(b) when sentencing, because computing 'the credit must occur after the defendant begins his sentence.'"); *see also United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008) (holding that only the BOP has the authority to determine when a federal sentence commences under § 3585(b)).

Administrative procedures exist within the BOP to review an alleged failure to credit the time a defendant has served and after properly exhausting these administrative remedies, Saffeels may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006). A section 2241 petition challenging the BOP's execution of a sentence must be filed "in either the district where he is confined, in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office." *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam).

For the above-stated reasons, Saffeels's Motion to Amend/Correct Sentence, Doc. 109, is DENIED without prejudice.

Dated this ____ day of November, 2019.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

/s/ Matthew Thelen

2